GRAY CLOUD LAND COMPANY v. ODIN G. CLAY and Others.
SAME v. SECURITY TRUST COMPANY and Others.[1]

May 1, 1903.

Nos. 13,311, 13,312—(14, 15).

**Fraudulent Mortgage by Officer of Corporation—Notice.**

Plaintiff, a corporation, authorized its president, one Clay, to sell and dispose of its land on such terms as he should deem reasonable. For the purpose of acquiring title to such land, and to enable him to make a loan

[1] Reported in 94 N. W. 552; 95 N. W. 588.

thereon for his own use and benefit, Clay, in the name of and for the corporation, conveyed without consideration the same to P., and P. reconveyed it to Clay, whereupon the latter borrowed $10,000 of defendant trust company, mortgaging the land to secure its payment. In an action by plaintiff to set aside the conveyance to P. and the mortgage to the trust company on the ground of fraud, the trial court found as a fact that the trust company acted in good faith and without intent to defraud plaintiff, and had no "knowledge or notice whatever" that plaintiff had any interest in or title to the land so conveyed and mortgaged. This finding is *held* to include both actual and constructive notice, or notice of facts or circumstances sufficient to put a person upon inquiry, and is not so clearly against the evidence as to justify this court in setting it aside.

Separate actions in the district court for Washington county to cancel and annul certain deeds and mortgages of land and foreclosure proceedings had upon the latter, under which defendant Security Trust Company claimed title, to quiet title to the land in plaintiff, and for an accounting. The actions were tried together before Williston, J., who found in favor of defendants other than defendant Clay, against whom judgment was ordered for the value of the land misappropriated by him. From orders denying a motion for a new trial made in each case, plaintiff appealed. Affirmed.

*Childs, Edgerton & Wickwire,* for appellant.

Clay, by the two deeds in question in each suit, became a trustee ex maleficio, and the deeds were voidable at the election of the appellant. An agent, officer, trustee or fiduciary, authorized to sell property for another, cannot himself become the purchaser, directly or indirectly. Smith v. Drake, 23 N. J. Eq. 302; Cumberland v. Sherman, 30 Barb. 553, 569; Gilbert v. Hewetson, 79 Minn. 326.

The undisputed facts conclusively charge the Trust Company with notice that Clay did not own this property, but held it in trust for the plaintiff. The fiduciary relation of Clay to the Gray Cloud Land Company was disclosed not only by the deed from that company to Prince, signed by Clay as president, but also by the resolution, wherein Clay was specifically appointed the Company's agent to sell the property. The recital of the same consideration in each deed, viz., $5,000, indicated that Prince was not an actual

purchaser. Boynton v. Brastow, 53 Me. 364; Eck v. Hatcher, 58 Mo. 235; 1 Greenleaf, Ev. § 575, and note; Rupert v. Penner, 35 Neb. 587; People v. Open Board, 28 Hun, 274, 92 N. Y. 98; Veeder v. McKinley-Lanning, 61 Neb. 892, 896; Bachelor v. Korb, 58 Neb. 122; Lagger v. Mutual, 146 Ill. 283; Fisher v. Bush, 133 Ind. 315; Michoud v. Girod, 4 How. 503; Green v. Hugo, 81 Tex. 452; Arnold v. Hoschildt, 69 Minn. 101; Fox v. Mackreth, 1 White & T. Leading Cas. Eq., 255; Abbot v. American, 33 Barb. 578; Cook v. Berlin, 43 Wis. 433; Stokes v. Hyde, 14 App. Div. (N. Y.) 530; McKay v. Williams,. 67 Mich. 547.

The plaintiff, at the time the Trust Company received the mortgages involved in the first suit, was in the actual possession of the land by its tenants; and the Trust Company knew of this possession, but did not make proper inquiry of the tenants as to the title. The suggestion that the knowledge of Mary L. Clay that she, as secretary, had signed the deed, was notice to her and to the Gray Cloud Land Company of all the facts constituting the fraud, is without any foundation. Fort Dearborn Nat. Bank v. Seymour, 71 Minn. 81; Dorr v. Life Ins. Clearing Co., 71 Minn. 38; Bang v. Brett, 62 Minn. 4; Sperry v. Flygare, 80 Minn. 325.

*Durment & Moore,* and *Hunt, Prendergast & Griggs,* for respondents.

BROWN, J.[2]

Plaintiff in this action, a corporation formed under the laws of the state of Virginia, owned two tracts of land in Washington county, this state, containing two hundred acres each. One Odin G. Clay was the president of the corporation; having charge of its business, in so far as the land is concerned, with his place of residence at St. Paul, this state. One Mary L. Clay was secretary of the corporation. The corporation had owned the land for some time, and was anxious to dispose of it; and, to that end, its board of directors expressly authorized and empowered the president of the company to sell and convey the same upon such terms and conditions and for such consideration as should seem to him to be for the best interests of the corporation; authorized and empowered

[2] Lewis, J., took no part in the decision.

him, with the secretary, to make, execute, acknowledge, and deliver, for and on behalf of the corporation, all the necessary and customary instruments, deeds, and conveyances to vest in the purchaser a good and perfect title to the property; and authorized him to receive the purchase price and consideration for any sale made by him, whether in the form of money, notes, mortgages, or other security.

Under this authority the president, in the name of and for the corporation, conveyed the property to John S. Prince, Jr., a clerk in one of the banks at St. Paul, for an expressed consideration of $5,000; and Prince immediately reconveyed it to Clay, the deed of conveyance expressing the same consideration—$5,000. The purpose of these transfers was to put the title to the property in Clay, president of the company. They were in fact without consideration. Clay's object was to get title to the property in his own name to enable him to make a loan thereon for his own personal use. He thereafter made application to the defendant Security Trust Company for a loan of $5,000 upon two hundred acres of such land, which was granted; Clay executing to it as security a mortgage for that amount, together with a second mortgage representing commissions due the company for negotiating the loan. Some time after this transaction, Clay made another loan of the trust company upon the other two hundred acres of land for a similar amount—$5,000. The money obtained by him was not reported or paid over to plaintiff, but was used in his own personal affairs. The commission mortgage became due, and was subsequently foreclosed by the trust company, from which no redemption was made, and the title to the property thereby passed to the trust company.

These actions were brought by plaintiff to set aside the deed from Clay to Prince, from Prince back to Clay, and also the mortgages to the trust company, and the foreclosure proceedings, on the ground that they were fraudulent and void as to plaintiff.

The trial court found that in making the loan to Clay the officers and agents of the trust company acted in good faith, and without any design to defraud or cheat the plaintiff or any other person; that at the time of making the loan, or at the time of the fore-

closure of the commission mortgage, the officers and agents of the trust company had "no knowledge or notice whatever" that plaintiff had any right, title, or interest in the mortgaged premises. Upon these and other findings, setting out the facts in detail, the trial court ordered judgment for defendants, and plaintiff appealed from an order denying a new trial.

There is no question whatever but that the conduct of Clay, president of plaintiff corporation, was fraudulent as to plaintiff. He represented plaintiff in a fiduciary capacity, and was prohibited by the rules and principles of law applicable to that relation from acquiring any title or interest in or to the property under his control adverse to his principal. But from this it does not necessarily follow that the trust company is to forfeit the $10,000 loaned to him; having acted, as the findings disclose, in good faith, without notice of plaintiff's rights, and without purpose or intent to defraud plaintiff. It is true that if defendant trust company had any knowledge, actual or constructive, that Clay was not authorized to make use of this property for his own personal benefit, it could not be heard to say that the money was loaned in good faith. Or if it had notice of the relationship Clay bore to plaintiff in respect to the property, its good faith in the premises would not avail it. But the findings of the trial court are not only that the officers and agents of the trust company acted in good faith and without any purpose to defraud plaintiff, but that it had no knowledge whatever of the fraudulent character of the acts of Clay, or of his relationship to the corporation, at the time the loans were made. If these findings are sustained by the evidence, it disposes of plaintiff's case. Whether they are so sustained is practically the only question for our consideration. Many cases are cited by counsel in which general principles of the law are discussed, and which would be followed and applied if the facts as found by the trial court would warrant. We have examined the record with care, and conclude that the findings of the court below cannot be disturbed.

The finding that the trust company had no notice whatever of the rights of plaintiff is equivalent to a finding that it had neither actual nor constructive notice, and by the latter we refer to notice

of facts and circumstances sufficient to put one upon inquiry; and the evidence is not so clearly and palpably against this finding as to justify us in setting it aside. The trial court acted, no doubt, in deciding the case, upon the principle—of universal application —that, where one of two innocent parties must suffer by the wrongful act of another, the loss must fall upon him who put it in the power of the wrongdoer to commit the act resulting in the injury. Clay was the agent of plaintiff, and by it expressly authorized to make a sale of its lands, and was thus empowered to commit the act now complained of. If he was dishonest, as clearly appears from the record, the defendant trust company was in no way responsible for his misconduct, and the plaintiff must suffer the consequences of his wrongdoing.

Prince acted as a mere conduit for passing the title to the property from the corporation to Clay, and is clearly not in any way liable in this action.

The order appealed from is affirmed.

On June 19, 1903, the following opinion was filed:

BROWN, J.

Further reflection, after reargument, satisfies us of the correctness, in the main, of the former opinion, and we adhere to it, with one qualification. We stated therein that the finding of the trial court to the effect that defendant had no notice whatever of the rights of plaintiff was equivalent to a finding that it had neither actual nor constructive notice, or notice of facts and circumstances sufficient to put a prudent person upon inquiry.

This statement covers more ground than we intended for it. Such a finding cannot, consistently with legal principles, be held to include such constructive notice as is imputed by law to all persons by the record of deeds and other instruments affecting the title to real property. But the finding does cover and include the question whether defendant knew, or ought to have known, of the fraud of Clay. It must be conceded that at the time it loaned the money to Clay its officers knew of the deed from Clay to Prince, and from Prince back to Clay, and of Clay's relations with plaintiff corporation.

But whether those facts, coupled with all the other circumstances in the case, were sufficient to charge defendant with notice of the fraud, within the principles of law applicable to such cases, was a question of fact for the trial court to determine, and the finding referred to covers the question adversely to plaintiff's contention. The evidence is not conclusive of the alleged fraud, and, the issue being one of fact, we apply the rule that the findings of the trial court will be set aside only when manifestly against the evidence.

Original ruling adhered to.